# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:11-cr-00317-LDG (CWH) |
| v. | **ORDER** |
| AARON SALISBURY, | |
| Defendant. | |

Defendant Aaron Salisbury moves for voluntary dismissal of his motion to vacate, set aside, or correct criminal conviction and sentence pursuant to 28 U.S.C. §2255 (ECF No. 99). The government opposes the motion (ECF No. 100). Having carefully considered the arguments, the Court will grant defendant's motion.

Citing the Seventh Circuit, the United States argues that voluntary dismissal pursuant to Federal Rule of Civil Procedure 41 is inconsistent with the rules governing §2255 cases because a voluntary dismissal thwarts the limitations on filing second or successive petitions. *See Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). Citing the Second Circuit, the United States suggests that in deciding whether a dismissed §2255 motion counts as a first §2255 motion requires consideration whether the circumstances clearly and objectively indicate that the petitioner knows his or her motion is meritless. *See*

*Thai v. United States*, 391 F.3d 491, 495 (2nd Cir. 2004). The government suggests that the defendant's motion to withdraw, coming after the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 866 (2017), demonstrates his awareness than his §2255 is without merit.

Regardless of whether the Court permits the defendant to voluntarily withdraw his motion or whether the Court denies the motion on the merits, the defendant will not obtain any relief from his sentence as a result of his filing of the present §2255 motion. As such, the United States' opposition to the motion to dismiss, and its request that this Court proceed to decide the §2255 motion on the merits, will have no other purpose than to provide the government with an additional argument that the defendant's current §2255 motion will count as a first §2255 motion.

However, should circumstances arise in which the defendant seeks to file another §2255 motion, the defendant will, undoubtedly, be required to establish that the present motion does not bar that future motion. Whether the present §2255 motion would bar a second or successive §2255 would require a court to consider all circumstances of the present motion. Those circumstances would necessarily include recognition that the present motion was filed, as were many others, in response to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct 2551 (2015). The circumstances would also require recognition of the unsettled state of the law regarding whether, pursuant to *Johnson*, the Sentencing Guidelines could be subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause. The circumstances would further require recognition that, following *Beckles*, the defendant acknowledged that *Beckles* foreclosed him from obtaining relief pursuant to *Johnson.* In light of the defendant's acknowledgment, this Court's decision on the merits would be largely or entirely irrelevant in deciding whether the defendant should be permitted to file another §2255 motion.

In light of these circumstances, the Court finds that proceeding to decide the present motion on its merits is a waste of judicial resources. The Court will not accept the United States' invitation to waste the Court's resources to decide a motion that the defendant seeks to withdraw, merely to provide the United States with an additional argument, which the Court believes would be irrelevant, that the present motion counted as a §2255 motion for purposes of determining whether the defendant should be permitted to file and prosecute a possible future §2255 motion, should the defendant ever choose to file such a motion.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendant's Voluntary Motion to Withdraw Motion to Vacate, Set Aside, or Correct a Criminal Conviction or Sentence Pursuant to 28 U.S.C. §2255 (ECF No. 99) is GRANTED. The Clerk of the Court shall modify the docket to indicate that Defendant's Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF No. 95, 96) are WITHDRAWN.

DATED this 11 day of August, 2017.

Lloyd D. George
United States District Judge